IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HENRY TECHNOLOGIES HOLDINGS, LLC,

                      Plaintiff,                    OPINION &ORDER

    v.

                                                14-cv-63-jdp

MICHAEL GIORDANO,

                      Defendant.

---

Plaintiff Henry Technologies Holdings, LLC, brings this civil action under 28 U.S.C. § 1332(a), alleging diversity of citizenship as grounds for this court's subject matter jurisdiction. Henry Technologies alleges that it is not party to a contract upon which defendant Michael Giordano has filed a petition for arbitration with the American Arbitration Association, and seeks a declaratory judgment to that effect. However, because the allegations in the complaint are insufficient to determine if the parties are truly diverse, the court will give Henry Technologies an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03. Here, Henry Technologies contends that the court has jurisdiction because the parties are diverse. (Dkt. 1.) Unfortunately, Henry Technologies' allegations are insufficient to allow this court to determining the citizenship of either party.

      Henry Technologies is a limited liability company, and "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). However, Henry Technologies has not alleged the citizenship of its members, making it impossible to determine whether complete diversity exists in this case. Instead, Henry Technologies alleges that it is "a Wisconsin limited liability company with its principal place of business in Beloit, Wisconsin." (Dkt. 1.) As the Seventh Circuit has instructed, this information is not relevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). In addition, Henry Technologies has alleged that Giordano is a resident of the State of New Jersey. (Dkt. 1.) This information is insufficient as "[r]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009).

      Before dismissing this action for lack of subject matter jurisdiction, Henry Technologies will be given leave to file within 14 days of this order an amended complaint that establishes subject matter jurisdiction by alleging: (1) the names and citizenship of each of its members; and (2) the citizenship of Giordano. In alleging its own citizenship, Henry Technologies should be aware that if any of its members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam)

("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) Plaintiff shall have until June 19, 2014 to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 5th day of June, 2014.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge